UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Acxel S.Q.D.C., | Civ. No. 25-3348 (PAM/DLM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration & Customs Enforcement; Sirce Owen, Acting Director for Executive Office for Immigration Review; Executive Office of Immigration Review; Samuel Olson, Director, St. Paul Field Office Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County; | |
| Respondents. | |

This matter is before the Court on Petitioner Acxel S.D.Q.C.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for Preliminary Injunction.¹ (Pet. (Docket No. 1).) Petitioner challenges his ongoing detention during the pendency of his immigration proceedings. As ordered at the hearing on September 9, 2025, and more fully

---

¹ The Court treats Petitioner's Motion for a temporary restraining order as one for a preliminary injunction, as Respondents had notice of the Motion and submitted a response. See Fed. R. Civ. P. 65(a); Wheatley v. Quist, Civ. No. 15-1979, 2016 WL 2596007, at *1 (D. Minn. Apr. 13, 2016) (Rau, M.J.), report and recommendation adopted, 2016 WL 1949569, at *1 (D. Minn. May 3, 2016) (Frank, J.).

explained below, the Court determines that it lacks jurisdiction over Petitioner's claims and thus denies the Petition and Motion for Preliminary Injunction as moot.

**BACKGROUND**

Petitioner is a citizen of Guatemala. (Id. ¶ 53.) He entered the United States in 2021 at sixteen years of age. (Id.) On July 17, 2021, United States Border Patrol agents encountered him in El Paso, Texas. (Decl. of Richard N. Pyrd, Jr. ("Pyrd Decl.") (Docket No. 11) ¶ 6.) A Border Patrol agent interviewed Petitioner and determined that he was illegally present in the United States and an unaccompanied minor child. (Pet. ¶ 54; Pyrd Decl. ¶ 6.)

On July 19, 2021, Border Patrol issued Petitioner a Form I-862 Notice to Appear, charging him with being present in the United States without having been admitted or paroled. (Pet. ¶ 54; Pyrd Decl. ¶ 8; id. Ex. B.) Border Patrol also issued him a Notice of Custody Determination, indicating that he would be detained. (Pyrd Decl. ¶ 9; id. Ex. C.) Petitioner requested a bond hearing. (Id.) On July 19, 2021, Petitioner was released to the custody of the United States Health and Human Services Office of Refugee Resettlement for detention placement. (Pet. ¶ 55; Pyrd Decl. ¶10.) On August 3, 2021, he was released into the custody of a relative. (Pet. ¶ 55; Pyrd Decl. ¶ 11.)

On September 30, 2024, Petitioner filed a Petition for Amerasian, Widower, or Special Immigrant ("Form I-360") with United States Citizenship and Immigration Services ("USCIS"). (Pet. ¶ 56; Pyrd Decl. ¶ 13.) On April 30, 2025, USCIS approved his Form I-360 and granted him Special Immigrant Juvenile Status. (Pet. ¶ 56; Pyrd Decl. ¶ 14; id. Ex. D.)

On July 31, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") arrested Petitioner. (Pet. ¶ 57; Pyrd Decl. ¶ 16; id. Ex. E.) ERO St. Paul issued him a new Notice to Appear, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Pet. ¶ 58; Pyrd Decl. ¶ 16; id. Ex. F.) ERO issued him a Notice of Rights and Request for Disposition, and he requested a bond hearing, expressing fear of returning to Guatemala. (Pyrd Decl. ¶ 17; id. Ex. G.) On August 7, 2025, ICE filed additional charges against him in immigration court. (Pyrd Decl. ¶ 18, id. Ex. H.)

On August 8, 2025, Petitioner sought a custody redetermination in immigration court. (Pet. ¶ 63; Pyrd Decl. ¶ 19.) On August 13, 2025, an immigration judge ("IJ") granted bond.[2] (Pet. ¶ 67; Pyrd Decl. ¶ 20.) That same day, ICE filed a Notice of Intent to Appeal, and it did so, filing on August 22, 2025. (Pet. ¶ 70; Pyrd Decl. ¶¶ 21–22; id. Ex. J–K.) DHS invoked an automatic stay of the IJ's bond grant under 8 C.F.R. § 1003.19(i)(2). Petitioner remains in ICE custody. (Pet. ¶ 60.)

Petitioner raises several claims: a violation of his due process rights; a violation of the Immigration and Nationality Act; violations of the Administrative Procedure Act, and violations of various other statutes. He seeks a declaration that the automatic stay provision

---

[2]   The Court notes that on September 5, 2025, the Board of Immigration Appeals issued its decision in Matter of Yajure Hurtado, 29 I&N Dec. 2016 (BIA 2025). Because this decision binds IJs, were the IJ in this matter to start anew or reconsider the bond decision in this matter, the Court finds it likely that the IJ would conclude that mandatory detention under 8 U.S.C. § 1225(b)(2) applies to Petitioner.

under 8 C.F.R. § 1003.19(i)(2) is ultra vires and his immediate release from custody. Petitioner also seeks additional injunctive relief: (1) enjoining Respondents from moving him outside of the District of Minnesota,[3] (2) enjoining the enforcement of the automatic stay provision while his Petition is pending before this Court, and (3) ordering Respondents to permit him to post bond and release him from custody.

**DISCUSSION**

The Federal Rules of Civil Procedure dictate that a court must dismiss an action if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Petitioner contends that this matter is properly before the Court, while Respondents argue that 8 U.S.C. §§ 1252(b)(9) and (g) deprive the Court of jurisdiction.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." Petitioner asserts that this provision does not bar jurisdiction because he does not seek review of a removal order or challenge the Attorney General's decision to commence proceedings or adjudicate cases. Further, he maintains that the Court has jurisdiction because his claims fall under the exception to § 1252(g)'s jurisdictional bar as he presents "a pure question of law." See Silva v. United States, 866 F.3d 938, 941 (8th Cir. 2017). Respondents argue that the Court lacks jurisdiction because Petitioner's claims

---

[3]   ICE has agreed "not to move Petitioner out of the District of Minnesota until after the resolution of the pending habeas matter, with one caveat: in the event of unforeseen circumstance or contingency, ICE reserves the option, with 72 hours' notice, to apply to the Court for permission to withdraw from this commitment." (Pyrd Decl. ¶ 23.)

4

arise from his detention during removal proceedings, which stem from the decision to commence such proceedings.

The Court determines that it lacks jurisdiction over Petitioner's claims, and that his claims do not fall within the narrow exception to § 1252(g). Petitioner's removal proceedings commenced when he was issued a Notice to Appear in immigration court. See Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 600 (9th Cir. 2002). "By its plain terms, the provision bars [the Court] from questioning ICE's discretionary decisions to commence removal" and "detain [Petitioner] during his removal proceedings." Alvarez v. U.S. Immigr. & Customs Enf't, 818 F.3d 1194, 1203 (11th Cir. 2016). Thus, § 1252(g) bars Petitioner's claims.

Further, § 1252(b)(9) states that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order[.]" "As is clear from the statutory text, § 1252(b)(9) consolidates all questions of law and fact, including constitutional and statutory challenges, arising from removal proceedings into one petition for review—the review of a final removal order" before a circuit court of appeals. Lopez v. Barr, Civ. No. 20-1330, 2021 WL 195523, at *2 (D. Minn. Jan. 20, 2021) (Tunheim, J.) (citing Nasrallah v. Barr, 140 S. Ct. 1683, 1690 (2020)); see 8 U.S.C. § 1252(a)(5).

In Jennings v. Rodriguez, the United States Supreme Court determined, in relevant part, that § 1259(b)(9) did not divest the Court of jurisdiction because the petitioners were "not challenging the decision to detain them in the first place." 583 U.S. 281, 294–95

(2018) (concluding that "§ 1252(b)(9) does not present a jurisdictional bar" when petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; [or] . . . challenging any part of the process by which their removability will be determined"). Here, Petitioner precisely challenges Respondents' decision to detain him. Although he contends that § 1252(b)(9) does not bar his claims because he is challenging his ongoing detention, not the initial decision to detain him, this difference does not alter the Court's conclusion. Therefore, the Court determines that § 1252(b)(9) presents another jurisdictional bar, as it funnels Petitioner's claims to a court of appeals. See Ajlani v. Chertoff, 545 F.3d 229, 235 (2d Cir. 2008). Because the Court lacks jurisdiction, it need not discuss the merits of Petitioner's claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) and Motion for Preliminary Injunction (Docket No. 4) are **DENIED as moot** because the Court lacks jurisdiction over this matter; and

2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 9, 2025                                  s/ *Paul A. Magnuson*
                                                          Paul A. Magnuson
                                                          United States District Court Judge